IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:23-cv-03031-MDH |
| ) | |
| 2020 LEXUS RX350, VEHICLE ) | |
| IDENTIFICATION NUMBER: ) | |
| 2T2HZMDA4LC241116, et al, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Claimant M&T Bank's ("Claimant's") or ("M&T's") Motion for Possession and Interlocutory Sale (Doc. 39), Plaintiff's Motion to Dismiss Claimant M&T Bank's Counterclaim (Doc. 41), and Plaintiff's Motion for Judgment of Forfeiture (Doc. 44). Each matter is fully briefed and ripe for review. For reasons herein, Claimant's Motion for Possession and Interlocutory Sale is **DENIED**. Plaintiff's Motion for Forfeiture is **GRANTED**. Accordingly, Claimant's counterclaims are **MOOT** and Plaintiff's Motion to Dismiss is also therefore **MOOT**.

## BACKGROUND

On January 26, 2023, Plaintiff filed a Complaint for Forfeiture *in Rem* ("the Complaint") against, *inter alia,* the 2021 Galeon 470SKY Yacht, Hull Identification Number: GLN47015A121 ("Defendant Property") or ("the yacht"). The Complaint alleges Defendant Property constituted property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957, and/or 1960, or is traceable to such property. (Doc. 1). Plaintiff contends Defendant Property is

1

subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), as the yacht constitutes, or was derived from, proceeds traceable to offenses constituting a "specific unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. (Doc. 1). More specifically, the Complaint alleges that John Michael Felts used fraudulent information to receive money from the federal government's Paycheck Protection Program loans. Plaintiff contends Felts then used this money to help secure a loan for Defendant Property, a yacht currently docked at Table Rock Lake in Missouri. (Doc. 1).

Process was fully issued in this action and returned according to law. Pursuant to a warrant for arrest of property issued by this Court, the Internal Revenue Service arrested the Defendant Property February 8, 2023. (Doc. 26). The following known potential claimants were served the Notice of Complaint and Complaint for Forfeiture *in Rem* at their last known addresses:

> M&T Bank (Docs. 9 & 10)
> The Harbor (Doc. 15)
> 470 Sky, LLC (Doc. 17)
> John Michael Felts (Doc. 19)
> Jennifer Obert Felts (Doc. 23)

Any and all other potential claimants have been notified of the action and of their rights to assert a claim for the Defendant Property by publication of a notice by the Department of Treasury which was properly posted on an official government internet site (www.forfeiture.gov) for at least 30 days, beginning on February 1, 2023, and ending on March 2, 2023. (Doc. 42).

On February 21, 2023, Claimant filed a Verified Claim as to the Defendant Property. (Doc. 27). On March 31, 2023, Claimant filed an Answer and alleged a counterclaim for title and

2

Case 6:23-cv-03031-MDH   Document 67   Filed 08/01/23   Page 2 of 8

possession of Defendant Property and replevin. (Doc. 35). Plaintiff has filed a Motion to Dismiss M&T's Counterclaim. (Doc. 41).

Claimant has demonstrated a properly perfected lien in the Defendant Property and the United States does not contest that Claimant is an innocent party. Claimant holds a Note and Security Agreement securing their interest in Defendant Property and the amount initially secured was $853,040.50. The United States recognizes the validity of Claimant's Security Agreement with Felts and its terms. (Doc. 40-1). No other claims for the Defendant Property have been filed and the time within which such claims must have been filed has expired.

Claimant's Motion for Possession and Sale as well as its counterclaims essentially seek the same relief: for Claimant to possess and sell Defendant Property according to its own preferred methods. Specifically, Claimant seeks to obtain possession of Defendant Property, partially disassemble the yacht, transport Defendant Property from Table Rock Lake to Lake of the Ozarks, and facilitate a sale of Defendant Property through MarineMax, the private dealer who originally sold Defendant Property in June 2021. Plaintiff seeks to maintain possession of Defendant Property and execute a sale according to the methods outlined in 28 U.S.C. §§ 2001, 2002, 2004. Plaintiff will then reimburse Claimant. Collectively, the pending motions this order addresses all ask this Court to decide simply: 1) who should possess the boat; and 2) how the boat should be sold.

**STANDARD**

Rule G of the Federal Rules of Civil Procedure govern actions for forfeiture *in rem* arising from federal statute. Rule G(7)(b)(v) allows the court to order that the property in question "be delivered to the claimant pending the conclusion of the action if the claimant shows circumstances

3

Case 6:23-cv-03031-MDH    Document 67    Filed 08/01/23    Page 3 of 8

that would permit sale under Rule G(7)(b)(i) and gives security." Rule G(7)(b)(i) in turn provides that the court may order a sale of the property if, "the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to a mortgage or to taxes on which the owner is in default; or the court finds other good cause." Crucially, however, Rule G(7)(b)(iii) provides 28 U.S.C. §§ 2001, 2002, and 2004 governs the sale of property "unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." Collectively, §§ 2001, 2002, and 2004 provide for a process of public sale or private sale following three appraisals from disinterested parties.

## ARGUMENT

### I.   Claimant's Motion for Possession and Interlocutory Sale

Claimant argues that this Court should grant Claimant possession and allow a sale of Defendant Property through Claimant's chosen agent because: "(1) section 2004 of title 28 and Supplemental Rule G empowers the Court to do so; (2) M&T Bank has both contractual and statutory rights to repossess and sell the Yacht; and (3) M&T Bank's proposed method of sale will almost certainly earn more than would a government auction." (Doc. 40 at 9-10).

Claimant's first argument is only partially correct. As described above, Rule G(7)(b)(iii) specifically states that sale of property "is governed by 28 U.S.C. §§2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." The language of Rule G(7)(b)(iii) is not permissive. Rather, it commands the relevant statutory provisions in fact govern any sale, unless relevant parties agree to an alternative method, with the court's approval. That, of course, has not occurred in the present case. Claimant seeks an order granting possession and allowing Clamant to transport Defendant Property to Lake of the Ozarks

4

to be placed on the market by an agent of its choosing. The United States, on the other hand, seeks either a public or private sale pursuant to the process outlined in §§ 2001, 2002, and 2004. Accordingly, given lack of agreement between the interested parties, Rule G does not provide this Court with the authority to stray from the sale process outlined by statute.

Section 2004 provides, "any personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise." Section 2001 in turn describes the process for public and private sales of real property. Claimant argues the clause "unless the court orders otherwise," also grants this Court with the ability to stray from the procedure for a public or private sale outlined by the statute. This, however, reflects a problematically narrow read of the statute. The text of § 2004 must be read in light of Rule G(7)(b)(iii), which specifically prohibits straying from the process for sale outlined by §§ 2001, 2002, 2004, except in instances where parties agree to an alternative means of sale. Accordingly, the text of § 2004 also fails to grant this Court authority to stray from the process for sale identified by the statute.

Claimant cites one Sixth Circuit case in support of its position. *See United States v. Real Prop. & Residence located at 4816 Chaffey Lane*, 699 F.3d 956, 959 (6th Cir. 2012) (interlocutory sale of yacht affirmed when bank and government agree on the need for and method of sale). The case cited, however, carries no precedential value for the instant matter. Bank of America, the claimant in the Sixth Circuit case, agreed with the United States as to how the property in question should be sold. The parties moved jointly for an interlocutory sale and identified the United States Marshals as the party to offer the yacht for sale. *See Renewed Joint Motion for an Interlocutory Sale*, 2012 WL 13059437, January 30, 2012. Accordingly, the Sixth Circuit's opinion in *4816 Chaffey Lane* does nothing to support the proposition that Rule G and §§ 2001, 2002, 2004 allow

5

this Court to order an alternative method of sale when parties disagree as to how the sale should occur.

Claimant also argues that it is entitled to immediate possession of and ability to sell the yacht because of contractual language in the mortgage as well as Missouri's UCC statute. Claimant, however, fails to identify how or why federal statute fails to preempt any rights claimant may be entitled to under contract or Missouri statute. Claimant also claims in conclusory fashion that its proposed method of sale is likely to yield higher profit on the yacht. Even assuming, *arguendo*, that were true, it remains unclear how this bears on the language of Rule G and §§ 2001, 2002, 2004, which do not grant this Court the authority to sell Defendant Property according to a method other than that which is described in the statute, absent agreement by the parties. Accordingly, Claimant's Motion for Interlocutory Sale is **DENIED**.

## II.     Plaintiff's Motion for Judgment of Forfeiture

Plaintiff has moved for forfeiture of Defendant Property pursuant to 18 U.S.C. § 981(a)(1)(A) and 981(a)(1)(C). Claimant has objected, arguing that facts remain in dispute that prevent granting Plaintiff's Motion for Judgment of Forfeiture. The only paragraphs of Plaintiff's Complaint Claimant specifically denies are seven, eight, and fifteen. Significantly, Claimant denies these paragraphs only "to the extent such allegations would conflict or undermine [Claimant's] priority interest in [Defendant Property]." (Doc. 35 at ¶ 5). Claimant either admits or lacks sufficient knowledge to admit or deny all other allegations in Plaintiff's Complaint. (Doc. 35).

The parties agree that Complainant has a priority interest in Defendant Property. The only disagreement concerns who should presently possess Defendant Property and how it should be sold. Ostensibly, Claimant does not challenge the allegation that Defendant Property is subject to forfeiture. Undisputed facts in the Complaint establish that Defendant Property is subject to

forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). Therefore, Plaintiff's Motion for Judgement of Forfeiture is **GRANTED**.

### III. Plaintiff's Motion to Dismiss Claimant's Counterclaims

In its answer, Claimant asserts two counterclaims: title and possession as well as replevin. As a remedy, Claimant seeks, *inter alia*, an order from this Court denying Plaintiff's claim of forfeiture, commanding that Plaintiff transfer possession of the yacht to Claimant, full and unencumbered title to and interest in the yacht, and costs and fees. In response, Plaintiff filed a Motion to Dismiss Claimant's counterclaims, arguing that counterclaims are unavailable as a matter of law in *in rem* actions.

Circuit courts appear to split on the issue of whether *in rem* claimants, as distinct from defendant property, may assert counterclaims. The Fifth Circuit has answered in the affirmative, while the First and Sixth Circuits have held the opposite. *Compare United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 656 (5th Cir. 2019) (counterclaims from claimants not necessarily barred in *in rem* actions), *with United States v. One Lot of U.S. Currency ($68,000)*, 927 F.2d 30, 34 (1st Cir. 1991) (claimants in action for forfeiture *in rem* may not file counterclaims), *and Zappone v. United States*, 870 F.3d 551, 561 (6th Cir. 2017) ("while the purported owner of the property may intervene in the action, he may not assert counterclaims against the United States."). Parties agree the Eighth Circuit has yet to weigh in on this issue.

The facts of this particular dispute, however, do not appear to grant this Court occasion to weigh in on the matter. Claimant's Motion for Possession and Interlocutory Sale seeks substantially the same relief as Claimant's counterclaims. This Court's denial of Claimant's

7

Motion for Possession and Interlocutory Sale as well as this Court's granting Plaintiff's Motion for Forfeiture, therefore, renders **MOOT** both Claimant's counterclaims as well as Plaintiff's Motion to Dismiss those counterclaims.

## CONCLUSION

For foregoing reasons, Claimant's Motion for Possession and Interlocutory Sale is **DENIED**. Plaintiff's Motion for Judgment of Forfeiture is **GRANTED**. Plaintiff's Motion to Dismiss is **MOOT**, as are Claimant's counterclaims. It is **FURTHER ORDERED**:

(1) that the claim of M&T Bank in the amount of $853,040.50 shall be paid by the United States out of the proceeds of the sale of the Defendant Property;

(2) that all other persons claiming any right, title, or interest in or to the Defendant Property are held in default;

(3) that all claims and interest in the Defendant Property, except as provided herein, are forever foreclosed and barred;

(4) that Defendant Property is hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C) to be disposed of by law;

(5) that each party will bear their own costs; and

(6) that the Clerk of the Court shall enter a judgment consistent with this order

**IT IS SO ORDERED.**

Dated: August 1, 2023

        /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**

8

Case 6:23-cv-03031-MDH   Document 67   Filed 08/01/23   Page 8 of 8